**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PARISH OF LAFOURCHE**                                **CIVIL ACTION**

**VERSUS**                                             **NO.  23-3472**
                                                       **c/w 23-3479, 23-3475**

**INDIAN HARBOR**                                      **SECTION: "E" (5)**
**INSURANCE COMPANY, ET AL.**

*Applies to: All Cases*

## ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and Stay the Proceedings[1] filed by Defendants, Certain Underwriters at Lloyds, London, Certificate Number AMR-41329-06, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, Old Republic Union Insurance Company, and HDI Global Specialty SE. Because the Court finds the arbitration agreement is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), the motion is **GRANTED**, arbitration is **COMPELLED**, and this matter is **STAYED** pending the outcome of arbitration.

## BACKGROUND

This is a dispute over insurance coverage in the wake of Hurricane Ida, which struck the Louisiana coast in August 2021 and damaged many of the Parish's governmental buildings.[2] An insurance adjuster service employed by the Defendants

---

[1] R. Doc. 19.
[2] R. Doc. 1-2 at pp. 1–4.

produced a rough estimate of approximately $35 million in damages to the Parish's buildings and other property.[3] However, the Defendants only tendered $19 million to the Parish—a $16 million difference from the adjustment, and an amount the Parish alleges is "arbitrary," "capricious," and evidence of "bad faith."[4]

On June 15, 2023, the Parish sued Defendants in the 17th Judicial District Court, LaFourche Parish.[5] On August 16, 2023, the Defendants removed the suit to this Court pursuant to 9 U.S.C. §§ 202, 203, 205, and 18 U.S.C. § 1332.[6] Defendants' primary basis for the removal is their contention that the insurance policy at issue in this case contains a "valid arbitration clause [that] is governed by" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), which gives rise to federal jurisdiction.[7]

On October 31, 2023, Defendants moved to compel arbitration and stay these proceedings.[8] Plaintiff filed its response in opposition on November 14, 2023,[9] and Defendants replied on November 27, 2023.[10]

On November 1, 2023, Plaintiffs filed a motion to remand,[11] which this Court denied on February 2, 2024.[12] Jurisdiction firmly established, this Court now considers Defendants' motion to compel arbitration and stay the proceedings.

---

[3] *Id.* at p. 6.
[4] *Id.*
[5] R. Doc. 1-2.
[6] R. Doc. 1. Plaintiffs filed three suits against Defendants in state court, each removed to federal Court and consolidated with this action. R. Doc. 16. *See also* Civ. A. No. 23-cv-3479 (E.D. La. Aug. 16, 2023); Civ. A. No. 23-cv-3475 (E.D. La. Aug. 16, 2023).
[7] *See generally* R. Doc. 1.
[8] R. Doc. 19.
[9] R. Doc. 23.
[10] R. Doc. 30.
[11] R. Doc. 20.
[12] R. Doc. 33.

## LAW AND ANALYSIS

Plaintiff urges this Court to deny Defendants' motion because the foreign insurers waived their right to arbitration as a result of the policy endorsements containing service-of-suit and applicable law clauses.[13] Because the Court rejects this argument, the Court will grant the motion to compel arbitration and stay the proceedings.[14], [15]

As an initial matter, the Court notes that Plaintiff failed to distinguish any of the dozens of decisions from the Eastern District of Louisiana that, as Defendants accurately summarize, "uniformly compelled insureds to comply with substantially similar, if not identical, arbitration provisions contained in their insurance policies." [16] The overwhelming weight of authority shows that when presented with "commercial property claims for insurance coverage provided by a composite policy of insurance subscribed to by both domestic and foreign insurers," as in this matter, the courts of this district have compelled the insured to abide by the arbitration provision contained in the policy."[17] Such is the outcome in this case.

The Court now turns to Plaintiffs arguments.

Plaintiff rightly argues that an arbitration clause is a contract and the usual defenses to its enforcement are in play.[18] Plaintiff points to two clauses contained in the endorsements to the policies issued to the foreign Defendants—Certain Underwriters at

---

[13] R. Doc. 23 at p. 3–7, 10.
[14] Defendants also argue the arbitration agreement is enforceable under the FAA because the policy is a contract involving interstate commerce including an agreement to settle by arbitration a controversy arising out of such contract, including the refusal to perform the whole or any part of the contract, pursuant to 9 U.S.C § 3. Because the Court finds the Convention applies, and because Plaintiffs do not address this argument, the Court does not reach this argument.
[15] The Plaintiff preserves its argument that there is no agreement in writing to arbitrate as required by the Convention contrary to the Fifth Circuit opinion in *Sphere Drake Ins. PLC v. Marine Towing, Inc*, 16 F.3d 666, 669 (5th Cir. 1994). R. Doc. 23 at p. 8.
[16] R. Doc. 30 at p. 2. (citing R. Doc. 19-1 at p. 8, n.22); *see also id.* n.1 (collecting additional cases).
[17] *Id.*
[18] R. Doc. 23 at 5.

Lloyd's, London, and HDI Global Specialty SE—for support of its argument that the foreign Defendants have forfeited their right to arbitration. The first is a service-of-suit clause, reading, in relevant part:

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States.[19]

The second clause Plaintiff holds out as a "death knell"[20] to arbitration is the "applicable law" clause, which appears below the service-of-suit clause and states:

> This insurance shall be subject to the applicable state law to be determined by the court of competent jurisdiction by the provisions of the Service of Suit Clause (USA).[21]

In *Morgan v. Sundance,*[22] a 2022 case, the Supreme Court reiterated that its "policy is to make 'arbitration agreements as enforceable as other contracts, but not more so.'"[23] Accordingly, a court "must hold a party to its arbitration contract just as the court would to any other kind."[24] No court may "devise novel rules to favor arbitration over litigation."[25] If some "ordinary procedural rule . . . would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration."[26]

The Court agrees and will, without favoring arbitration over other litigation, examine the language of the policies to determine whether the foreign Defendants have

---

[19] R. Doc. 23-4. This language is from the Lloyd's, London endorsement, but the language in the HDI Global Specialty SE endorsement, as well as those in the domestic insurers' endorsements, is materially identical. *See* R. Doc. 23-5; R. Doc. 23 at p. 7 n.9.
[20] R. Doc. 23 at p. 6.
[21] R. Doc. 23-4.
[22] 596 U.S. 411 (2022).
[23] *Id.* at 418 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, n. 12 (1967)).
[24] *Id.*
[25] *Id.* (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218–221 (1985)).
[26] *See id.*; *see also Nat'l Found. for Cancer Research v. A. G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987) ("The Supreme Court has made clear" that the FAA's policy favoring arbitration "is based upon

waived the right to compel arbitration by including the service-of-suit clause and the applicable law clause in the policies. As always, "where two seemingly conflicting contract provisions reasonably can be reconciled, a court is required to do so and to give both effect."[27]

The Court examines whether the service-of-suit clause guarantees the Plaintiff the right to pursue this suit in court and is, in effect, a waiver of the right to compel arbitration because an arbitration tribunal is not a court of competent jurisdiction within the United States. In *McDermott International, Inc., v. Lloyds Underwriters of London,*[28] the Fifth Circuit reviewed a district court's remand to state court of a case involving an insurance policy containing a service-of-suit clause. In that case, the Fifth Circuit found that the service-of-suit clause consenting to jurisdiction did not conflict with the policy's arbitration clause. In its opinion reversing the district court, the Fifth Circuit explained that McDermott and the district court invoked the policy's service-of-suit clause, but they ignored "the policy's arbitration clause in doing so."[29] The Fifth Circuit opined that the service-of-suit clause does not necessarily apply to disputes concerning the proper forum to decide arbitrability questions. Instead, the service-of-suit clause could be interpreted consistent with the arbitration clause to apply only to suits concerning the enforcement of an arbitration award. "Thus, the policy may be read as contemplating that a claim for failure to pay under the policy [may] not be made in court until after an arbitration proceeding."[30] The Fifth Circuit further explained that, even "[i]f the service-of-suit

---

the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism").

[27] *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir.1991) (citation omitted).

[28] 944 F.2d 1199 (5th Cir.1991).

[29] *Id.* at 1205.

[30] *Id.*

clause is a forum selection clause, the arbitration clause is a co-equal forum selection clause."[31]

The Fifth Circuit also reasoned that the insurer may have understood that, by including the service-of-suit clause, it was consenting to personal jurisdiction in a court selected by McDermott but was not waiving any removal rights. The Fifth Circuit cited at least one court that has found the same service-of-suit clause could be read to waive only objections to personal jurisdiction.[32] In the final analysis, the Fifth Circuit concluded that the service-of-suit clause did not *explicitly* waive the underwriter's removal rights and that only explicit waivers of Convention Act removal rights are given effect.[33]

In *City of Kenner v. Certain Underwriters at Lloyd's, London,*[34] the plaintiff made an argument similar to the one made in this case that service-of-suit clauses consenting to jurisdiction in a competent court in the United States conflict with the arbitration clauses because arbitration would force the dispute out of the court system and into arbitration. Relying on *McDermott,* the district judge in *City of Kenner* held that there was no conflict because "the clauses could be reconciled by interpreting the jurisdictional clause consistent with the arbitration clause to provide a judicial forum for disputes concerning the enforcement of arbitration awards."[35] As Judge Barbier wrote in *City of Kenner*: "neither consent to personal jurisdiction nor the contemplation of post-arbitration court proceedings," as governed by the service-of-suit and applicable law clauses, "conflicts with the possibility of a proceeding in arbitration." [36] This

---

[31] *Id.* at 1205.
[32] *Id.* at 1206.
[33] *Id.*
[34] CV 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022).
[35] *Id.* at *3 (citation omitted).
[36] *Id.* at *1 (E.D. La. Feb. 2, 2022) (collecting cases).

interpretation has been applied to cases involving identical policy language both within and outside the Fifth Circuit.[37]

This Court agrees. The service-of-suit clause does not constitute a waiver of Defendants' rights under the arbitration clauses. Instead, the service-of-suit clause complements the arbitration clause by establishing a forum where the parties may enforce an arbitration award.[38] The Court finds it clear there has been no waiver of the right to compel arbitration.[39]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration and Stay the Proceedings[40] is **GRANTED**, arbitration is **COMPELLED**, and this matter is **STAYED** pending the outcome of arbitration.

**New Orleans, Louisiana, this 2nd day of February, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] *See* R. Doc. 30 at p. 4 n.3, 4.

[38] The applicable law clause appears in the same endorsement as the service-of-suit clause and provides that the applicable state law is to be determined by the court of competent jurisdiction as determined by the service-of-suit clause. Because the service-of-suit clause is not applicable at this stage of this litigation, neither is the applicable law clause. In any event, the applicable law clause does not effect a waiver of the Defendants' right to compel arbitration. R. Doc. 23-4.

[39] Plaintiff argues that because the foreign insurers have waived their right to arbitration, the domestic insurers have waived their right to arbitration as well. R. Doc. 23 at p. 11. Because the Court has found that the foreign insurers have not waived their right to compel arbitration, this argument fails. Further, this Court, and other and other sections of this court, considering similar facts and contractual language, have found that, although a plaintiff may have separate contracts with each of the insurers, the application of equitable estoppel against an argument that arbitration does not apply to non-signatories is appropriate. See *Causeway Partners, L.L.C. v. Indian Harbor Ins. Co.*, CV 23-6108, 2024 WL 183484, at *1 (E.D. La. Jan. 17, 2024), *City of Kenner v. Certain Underwriters at Lloyd's London*, 2022 WL 16961130 (E.D. La. Nov. 16, 2022); and *Holts v. TNT Cable Contractors, Inc.*, 2020 WL 1046337 (E.D. La. Mar. 4, 2020); *Port Cargo Services, LLC v. Certain Underwriters at Lloyd's London*, 2018 WL 4042874 (E.D. La. Aug. 24, 2018).

[40] R. Doc. 19.