**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAFOURCHE PARISH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  23-3472 c/w**<br>       **23-3475, 23-3479** |
| **INDIAN HARBOR INSURANCE**<br>**COMPANY, ET AL.** | **SECTION: "E" (5)** |

***Applies to: All Cases***

**ORDER AND REASONS**

Before the Court is Defendants' Motion to Stay Pending Appeal and Pending Arbitration with Foreign Insurers.[1] Defendants request an order staying this case, including all discovery, pending (1) resolution of Defendants' appeal of the Court's Order lifting the stay as to Domestic Defendants[2] as well as (2) conclusion of Plaintiff's ongoing arbitration with the Foreign Defendants. Plaintiff filed an Opposition,[3] and Defendants filed a Reply.[4]

**BACKGROUND**

Plaintiff Lafourche Parish filed this action against Defendants Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-41329-06; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Safety Specialty Insurance

---

[1] R. Doc. 63.
[2] *See* R. Docs. 58 and 60.
[3] R. Doc. 65.
[4] R. Doc. 66.

1

Company; HDI Global Specialty SE; and Old Republic Union Insurance Company; (collectively, "Defendants"), asserting claims for breach of contract, bad faith, and breach of the duty of good faith and fair dealing under an insurance policy.[5]

Defendant Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-41329-06 and Defendant HDI Global Specialty SE are located outside the United States ("Foreign Defendants"). The remaining Defendants are located in the United States ("Domestic Defendants").

On October 21, 2023, Defendants filed a motion to compel arbitration as to all defendants pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitration Awards and the Federal Arbitration Act..[6] On February 2, 2024, the Court granted the Defendants' motion and stayed the proceedings.[7] On January 15, 2026, citing intervening Louisiana Supreme Court precedent, Plaintiff filed a motion seeking to reopen the proceedings, lift the stay, and vacate the Order compelling arbitration insofar as it pertains to the Domestic Defendants.[8] On March 3, 2026, the Court granted the motion and entered an Order lifting the stay and reopening the proceedings as they pertain to the Domestic Defendants.[9]

On April 2, 2026, Defendants appealed to the United States Court of Appeals for the Fifth Circuit from the Court's Order reopening the proceedings and lifting the stay as to the Domestic Defendants.[10] On April 14, 2026, the Court issued a Scheduling Order for the Domestic Defendants, requiring initial disclosures by May 1, 2026.[11] On May 13, 2026,

---

[5] R. Doc. 1-2.
[6] R. Doc. 19.
[7] R. Doc. 34.
[8] R. Doc 52.
[9] R. Doc. 58.
[10] R. Doc. 60.
[11] R. Doc. 61 at p. 9.

the Defendants filed the instant Motion to stay proceedings against the Domestic Defendants pending appeal and pending arbitration with the Foreign Defendants.[12]

## LAW AND ANALYSIS

In their Motion, Defendants seek two forms of a stay. First, a stay of proceedings against the Domestic Defendants pending appeal of arbitrability under the governing law of the Supreme Court case *Coinbase, Inc. v. Bielski*.[13] Second, a stay of all proceedings against Domestic Defendants until arbitration between Lafourche Parish and the Foreign Defendants is completed under the governing law of the recent Fifth Circuit case *Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co*.[14]

Defendants argue that *Coinbase* requires a stay of proceedings against the Domestic Defendants while there is an ongoing appeal of arbitrability.[15] Lafourche Parish does not oppose this request.[16] In *Coinbase*, the Supreme Court held that when a party files an interlocutory appeal pursuant to 9 U.S.C. § 16(a), the district court must stay its proceedings pending resolution of the appeal.[17] Defendants have appealed the Court's Order Vacating the Order Compelling Arbitration as to the Domestic Defendants pursuant to 9 U.S.C. 16(a).[18] Consistent with *Coinbase*, and with no opposition from Lafourche Parish, the Court will stay proceedings against the Domestic Defendants pending resolution of their appeal.

Defendants argue the Court should further stay proceedings against the Domestic Defendants pending resolution of arbitration between Lafourche Parish and the Foreign

---

[12] R. Doc. 63.
[13] 143 S.Ct. 1915 (2023).
[14] No. 25-30044, 2026 WL 1091579 (5th Cir. Apr. 22, 2026).
[15] R. Doc. 63-1 at p. 2.
[16] R. Doc. 65 at p. 3.
[17] *Coinbase*, 143 S.Ct. at 1918.
[18] R. Doc. 60; R. Doc. 58.

Defendants. Defendants point to the factually-similar and recently-decided *Crescent City Surgical Operating Co.* In that case, the Fifth Circuit found the district court had abused its discretion in refusing to stay the litigation of claims against domestic insurers while arbitration involving related foreign insurers was pending.[19] The Fifth Circuit applied the *Rainier* factors[20] to the issue, which counsel that a stay of non-signatories pending resolution of a related party's arbitration is warranted if: "(1) the arbitrated and litigated disputes involved the same operative facts; (2) the claims asserted in the arbitration and litigation were 'inherently inseparable'; and (3) the litigation had a 'critical impact' on the arbitration."[21] The Fifth Circuit noted the *Rainier* factors levied in favor of a stay, noting that the claims against the foreign insurers in arbitration and the claims against the domestic insurers in court were inherently inseparable.[22] Defendants argue their case is "essentially identical" to *Crescent City Surgical Operating Co.*[23] Indeed, Defendants point to a recent decision from the Western District of Louisiana with "the same parties and same policy" as the case at issue, in which the Western District applied *Crescent City Surgical Operating Co.* and stayed proceedings against its domestic insurers.[24]

Lafourche Parish opposes this request, arguing (1) it is at-odds with Defendants' request for stay pending appeal; (2) Defendants have waived their opportunity to rely on the *Rainier* factors; and (3) the present case is factually distinguishable from *Crescent City Surgical Operating Co.* because in that case arbitration was in advanced stage.[25]

---

[19] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.

[20] *See Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016).

[21] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5 (quoting *Rainier*, 828 F.3d at 360).

[22] *See id.*

[23] R. Doc. 63-1 at p. 4.

[24] R. Doc. 63-1 at p. 8; *MK Mall Holdings, LLC v. Underwriters at Lloyd's of London, et al.*, Case 6:23-cv-01455-DCJ-DJA, Doc. 33 (W.D. La. 4/28/26).

[25] R. Doc. 65 at pp. 3-4.

These arguments are not persuasive. As regards the first argument, the appeal and the arbitration with the Foreign Defendants may not terminate at the same time, and so a stay in both circumstances constitutes distinct, not contradictory, relief. Regarding the second argument, Defendants' argument relies not directly on *Rainier* but on the application of *Rainier* in *Crescent City Surgical Operating Co.*, which was decided two months after Defendants' brief in opposition to Lafourche Parish's Motion to Lift Stay.[26] Regarding the third argument, the stage of arbitration was not relevant to the Fifth Circuit's application of *Rainier* in *Crescent City Surgical Operating Co.*[27]

Independently applying the *Rainier* factors to the present Motion, the Court finds they argue in favor of a stay pending conclusion of Plaintiff's arbitration with the Foreign Defendants. Plaintiff's Petition for Damages[28] alleges the Defendants committed misconduct that is substantially interdependent.[29] Plaintiff asserts payments were paid to it on behalf of all Defendants, which payments Plaintiff alleges were deficient or untimely as to all Defendants.[30] Plaintiff seeks to recover cumulative amounts from all Defendants.[31] Thus, per *Rainier*, (1) the arbitrated and legal disputes concern the same operative facts, (2) the arbitration and litigation claims are inherently inseparable, and (3) the outcome of the litigation will have a critical impact on the arbitration.[32] The *Rainier* factors are met.

---

[26] *See* R. Doc. 55 (filed February 3, 2026) and *Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 (decided April 22, 2026).

[27] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.

[28] R. Doc. 1-2.

[29] *Id.* at R. Doc. 1-2 pp. 6-7; R. Doc. 1 pp. 6-7 ¶ 14; R. Doc. 16.

[30] *See id.*

[31] *See id.*

[32] *See Rainier*, 828 F.3d at 360. *See also, Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5; *MK Mall Holdings, LLC v. Underwriters at Lloyd's of London, et al.*, Case 6:23-cv-01455-DCJ-DJA, Doc. 33 (W.D. La. 4/28/26).

The Court finds that *City Surgical Operating Co.* is directly applicable to Defendants' Motion. As such, the Court will stay proceedings against the Domestic Defendants until Lafourche Parish and the Foreign Defendants conclude arbitration proceedings.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that proceedings in this Court are **STAYED** pending the resolution of the Domestic Defendants' appeal[33] and pending resolution of the arbitration proceedings against the Foreign Defendants.

**IT IS FURTHER ORDERED** that the parties shall notify the Court in writing within five (5) days of the conclusion of the arbitration proceedings.

**New Orleans, Louisiana, this 29th day of June, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] *See* R. Doc. 60.